IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY S. HUNTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-590 |
| | : | |
| v. | : | |
| | : | |
| JOSEPH J. DIPRIMIO, JEAN CARTER, | : | |
| BRIAN E. FROSH, and BALTIMORE | : | |
| CITY OFFICE OF CHILD SUPPORT, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                         June 30, 2015

The *pro se* plaintiff, Gary S. Hunter, commenced this action by filing a complaint against the defendants, Joseph J. DiPrimio, Jean Carter, Brian E. Frosh, and the Baltimore City Office of Child Support on February 6, 2015. Doc. No. 1. In the complaint, the plaintiff alleges that the court has diversity jurisdiction over this action insofar as he is a citizen of the Commonwealth of Pennsylvania and the defendants are citizens of the State of Maryland. Compl. at 2-3. He also appears to assert a negligence cause of action against the defendants based on their alleged inability to properly process a modification of his child support since 2009. *Id.* at 3. He claims that the defendants' negligence created issues with his credit, rendered him incapable of obtaining gainful employment, and somehow related to the two-year suspension of his driver's license. *Id.* at 4. Based on these allegations, the plaintiff seeks to have the defendants remove all arrears from his record and provide compensatory relief in the nature of $5,000,000 for his lost wages, social security, and retirement contributions. *Id.*

The docket entries in this case show that the Clerk of Court issued summonses for each defendant to the plaintiff on February 10, 2015. *See* Unnumbered Docket Entry Immediately

after Doc. No. 1. According to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff had 120 days, *i.e.* until June 8, 2015, to serve the summonses and complaint upon the defendants. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed").[1] The plaintiff has not filed any proofs of service indicating that he effected service of the summonses and complaint in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Because it appeared that the plaintiff failed to timely serve the summonses and complaint, the court entered an order on June 11, 2015, requiring the plaintiff to show cause as to why the court should not dismiss the action for lack of timely service of the summonses and complaint. *See* Ord. to Show Cause, Doc. No. 2.[2] The court required the plaintiff to file a written response by June 24, 2015, and stated that if he failed to respond, the court would interpret his failure as an indication that he is unopposed to the court dismissing this action. *Id.* at 2. To date, the plaintiff has not responded to the order to show cause.

> Rule 4(m) provides that if the plaintiff fails to serve a defendant within 120 days,
>
> the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. Rule 4(m) "require[s] a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

---

[1] The 120th day fell on Saturday, June 6, 2015. Per Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the court calculated the 120th day as the next week day following that weekend, which was Monday, June 8, 2015.

[2] In the order to show cause, the court noted that the undersigned's civil deputy sent the plaintiff a notice approximately 30 days prior to the order indicating that he had until June 8, 2015 to properly serve the summonses and complaint upon the defendants or risk possible dismissal of his action. *See* Ord. to Show Cause at 2. Thus, the order to show cause was the second notice from this court informing the plaintiff of the possibility that the failure to effect service or show good cause for the failure could result in the dismissal of this action.

Here, as the plaintiff has failed to respond to either the 90-day notice from the undersigned's civil deputy or the order to show cause, the plaintiff has not shown good cause for the failure to effect service in this case. In addition, while the court is cognizant of the possibility that the court could relieve the plaintiff of the consequences even if, as in this case, good cause did not exist, none of the situations discussed in the notes to Rule (4) are applicable here. *See* Fed. R. Civ. P. 4(m), advisory committee's note (1993) (discussing examples of situations that could justify, in the absence of good cause, a court extending the time for a plaintiff to effect service rather than dismissing the action for a failure to serve). Moreover, the court can conceive of no reason to excuse the plaintiff from the dismissal of this action. Accordingly, as the plaintiff has failed to serve the summonses and complaint on the defendants, the court will dismiss this action without prejudice under Rule 4(m).

An appropriate order follows.

                                    BY THE COURT:

                                    /s/ *Edward G. Smith, J.*
                                    EDWARD G. SMITH, J.